IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FITZERALD McGEE

   Petitioner,       No. CIV S-09-3184 MCE GGH P

  vs.

JOHN MARSHALL[1], Warden,   <u>ORDER AND</u>
               <u>FINDINGS AND RECOMMENDATIONS</u>

   Respondent.

_____/

<u>Introduction</u>

   Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Sacramento County in 2003 of forcible oral copulation, sexual penetration with force, spousal abuse, and spousal rape. (Pet. at 1.) On April 25, 2003, he was sentenced to an indeterminate state prison term of 86 years to life. (Notice of Lodging Documents on February 4, 2010 (Doc. No. 12), Lod. Doc. 1.) On April 15,

---

[1] Petitioner named the People of the State of California as the respondent in this matter. In the motion to dismiss, respondent named John Marshall, the current Warden of California Men's Colony, East, as the respondent. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254. Accordingly, this court now substitutes in Marshall as the correct respondent.

1

2005, the Court of Appeal modified the amount of petitioner's presentence custody credit, but otherwise affirmed the judgment. (Lod. Doc. 3.)

On August 7, 2006, petitioner filed a petition for habeas relief in the Sacramento County Superior Court. (Lod. Doc. 10.) The petition was denied, but resulted in the Superior Court's application of an interim three-strikes case, People v. Williams, 34 Cal. 4th 397 (2004), that mandated a ten-year increase in petitioner's sentence. (Lod. Doc. 11.) Accordingly, on September 11, 2006, the Superior Court amended the abstract of judgment to increase petitioner's sentence to 96 years to life. (Lod. Doc. 12.)

Petitioner challenges his conviction on numerous grounds, the nature of which are not entirely clear from his petition. As respondent observes, petitioner appears to contend in part that he received ineffective assistance of counsel, that his sentence constitutes cruel and unusual punishment, that there is insufficient evidence to support his conviction, and that he is actually innocent. (Pet. at 4-5; see MTD at 11.)

Motion to Dismiss

Respondent moves for dismissal on two grounds: 1) that the petition has been filed beyond the AEDPA statute of limitations; and 2) that petitioner has failed to exhaust his state court remedies. Alternatively, respondent urges that the petition should be denied as conclusory. As the court, after full consideration and analysis, concludes that petitioner's petition is time-barred, it is unnecessary to reach respondent's other arguments.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

After the amended abstract judgment in compliance with Williams issued, petitioner did not appeal. (Motion to Dismiss (hereinafter MTD) at 4.) Therefore, petitioner's conviction became final for purposes of section 2244(d)(1)(A) when the time for filing an appeal of the amended judgment expired, on November 10, 2006, sixty days later. Cal. Rule of Court 8.308(a) (time for filing a notice of criminal appeal in state court); Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001). As respondent observes (MTD at 5), the AEDPA statute began to run the following day, on November 11, 2006. Patterson v. Stuart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until November 10, 2007 to file a timely federal petition.

Because petitioner filed the instant petition nearly two years later, on November 7, 2009[2] (Doc. No. 1), the instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

\\\\\

---

[2] The "mailbox rule" applies to applications to both the California and federal courts for purposes of calculating tolling of the statute of limitations under AEDPA. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941, 121 S.Ct. 2576 (2001). Since the instant petition is dated November 7, 2009, the court uses that date as the filing date, rather than the date the petition was actually filed by the Clerk of Court. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [petitioner's] motion was delivered to prison authorities the day he signed it...."); Marsh v. Soares, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) ("Liberal application of the mailbox rule ... causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)), cert. denied, 531 U.S. 1194, 121 S.Ct. 1195 (2001).

<u>Statutory Tolling</u>

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2).

Proceeding pro se, petitioner filed a total of five petitions for writs of habeas corpus challenging his conviction in the state courts. After the August 2006 petition described above, he filed a second habeas petition in the Sacramento Superior Court on June 15, 2007. (Lod. Doc. 13.) The Superior Court denied this petition on July 16, 2007 (Lod. Doc. 14), and denied petitioner's subsequent motions for appointment of counsel and other relief on August 10, 2007. (Lod. Doc. 15, 16.)

Petitioner filed his third habeas petition in the Sacramento County Superior Court on February 2, 2009. (Lod. Doc. 17.) The Superior Court denied the petition on March 26, 2009. (Lod. Doc. 18.) Petitioner filed his fourth habeas petition in the California Court of Appeal, Third Appellate District, on April 28, 2009. (Lod. Doc. 19.) The Court of Appeal denied this petition on May 7, 2009. (Lod. Doc. 20.) Petitioner filed his fifth habeas petition in the California Supreme Court on May 26, 2009. (Lod. Doc. 21.) The Supreme Court denied the petition on October 28, 2009. (Lod. Doc. 23.)

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. However, section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). <u>See</u> Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's third, fourth, and fifth habeas petitions, all of which were filed after the November 2007 AEDPA deadline, cannot toll

the running of the already-run statute.

Nor can petitioner's first state court habeas petition, filed in the Sacramento County Superior Court on August 7, 2006 and denied on September 11, 2006, toll the running of the statute, which began running on November 10, 2006. The Ninth Circuit has held that a state habeas petition filed and denied before petitioner's conviction becomes final and the limitations period begins running, has no tolling consequences under AEDPA. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

That leaves petitioner's second habeas petition, filed in the Sacramento Superior Court on June 15, 2007 and denied on July 16, 2007. (Lod. Docs. 13, 14.) First, as respondent points out (MTD at 6), the interval between petitioner's first and second petitions cannot toll the limitations period because both petitions were filed in the superior court. Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1061 (C.D. Cal. 2001) (no tolling between successive superior court petitions) (citing Rowe v. LeMaster, 225 F.3d 1173, 1175 (10th Cir. 2000) (AEDPA's limitation period not tolled during time between successive state petitions; nor could second state petition relate back to earlier filed petition when "the first state habeas proceeding has been reduced to a final, unappealed judgment.")). Under the Ninth Circuit's successive state habeas test, a second habeas petition filed at the same court level will not constitute part of a single round of tolling unless the second petition is simply an elaboration of the facts/claims contained in the first petition which for procedural reasons were not decided on the merits in the first petition. Banjo v. Ayers, __F.3d__, 2010 WL 2403751 *3 (9th Cir. 2010). Moreover, the "unexplained delay" of nine months between the denial of petitioner's first petition and his filing of the second petition is "too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'"[3] Banjo, supra; Waldrip, supra, 548 F.3d at 735.

---

[3] For these same reasons, the interval between the denial of the second petition and the filing of the third petition does not toll the limitations period, as the latter was also filed in the Sacramento County Superior Court after a delay of roughly 18 months. (See MTD at 9.)

Second, assuming arguendo that the second petition tolled the limitations period between June 15, 2007 and July 16, 2007, this gave petitioner an extra month after the November 10, 2007 deadline to file his federal habeas petition, not an extra two years. Thus, statutory tolling cannot make the instant petition timely.

Equitable Tolling

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left

6

behind was not usable by replacement counsel – a turn of events over which the court found Beeler had no control.  The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.[4]  The Ninth Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163 F.3d 530.  The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. Id. at 541-42.  See also Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling); Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling); Stillman v. Lamarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation coordinator broke a promise to petitioner's counsel to return a signed petition for timely filing); Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling).

Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997), the court found that a petitioner's circumstances were not extraordinary in the following circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns preventing the prisoner's access to the library and a typewriter which were necessary to his motion.  See also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default);

---

[4] See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

1  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll
2  statute); Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1273 (D.Haw. 1999) (lack of legal expertise
3  does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F.Supp.2d 650, 656
4  (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F.Supp.2d 772, 779-80 (D.N.J. 1998)
5  (delay in receipt of transcripts does not justify equitable tolling).

6        A habeas petitioner bears the burden of proving that equitable tolling should apply
7  to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
8  2002). "Generally, a litigant seeking equitable tolling bears the burden of establishing two
9  elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
10 circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814
11 (2005); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "The petitioner must additionally
12 show that 'the extraordinary circumstances were the cause of his untimeliness'...and that the
13 'extraordinary circumstances ma[de] it impossible to file a petition on time.'" Ramirez, supra,
14 (internal citations omitted). "Equitable tolling is unavailable in most cases," and is only
15 appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible to file
16 a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis
17 added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling
18 [under AEDPA]...lest the exceptions swallow the rule." Id.
19 A.    Mental Health
20       The undersigned construes petitioner's opposition to the motion to dismiss
21 (hereinafter Opp.) to argue that the AEDPA limitations period should be equitably tolled due to
22 petitioner's mental health problems. (See Opp. at 13 ("I am paranoid [schizophrenic.] I suffer
23 from a mental retardation in my brain and also under the American With Disabilities Act[.] Due
24 to my mental and physical disability I should not be shown prejudice or ruled [discriminatorily]
25 \\\\\
26 \\\\\

against.").)[5]

Mental incompetency can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). However, the circumstances must be exceptional. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 168-70, 173 (S.D.N.Y. 2000); also U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity").

In the context of a defendant's ability to stand trial or plead guilty, the term "competence" has been defined to mean that the defendant had "a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 400-02, 113 S.Ct. 2680 (1993); Dusky v. U.S., 362 U.S. 402, 80 S.Ct. 788 (1960). "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." Godinez, 509 U.S. at 401 n. 12. A defendant is incompetent only if he " 'lacks the capacity to understand the nature and object of the proceedings'...." Id., quoting Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896 (1975). In Laws, the Ninth Circuit signaled approval of the Godinez/Dusky standard of competence in evaluating a petitioner's claim of mental incompetence for equitable tolling purposes. 351 F.3d at 923.

In addition, mental incompetency alone is not a per se reason to grant equitable tolling. "Most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). Petitioner must show that the alleged mental incompetence "in fact" caused him to fail to file a timely habeas petition. Laws, 351 F.3d at 923.

---

[5] Petitioner's mention of an unspecified "physical disability" appears to refer to his claim of mental illness and/or retardation. A probation officer's report from April 2003 also notes that petitioner "reported to being HIV positive but does not take medications for this illness." (Notice of Lodging Documents on April 15, 2010 (Doc. No. 17), Lod. Doc. 24 at 287.)

As respondent points out, petitioner has attached no documentation in support of his mental health claims. (MTD at 9.) A probation officer's report made in April 2003 and lodged by respondent notes that petitioner "stated in 1992, he was diagnosed as a Paranoid Schizophrenic and takes Melaril for his psychiatric disorder." (Lod. Doc. 24 at 287.) Respondent has also lodged a copy of petitioner's mental health records for the relevant time period of November 11, 2006 through November 10, 2007. (Lod. Doc. 26.) Review of these records reveals that petitioner did suffer from mental health problems; however, the records do not support a finding that he was incapable of conducting his legal affairs.

Petitioner's medical notes during this period indicate that he suffered depression and anxiety, but showed "[n]o evidence of psychotic features" and "has good eye contact, oriented fully and alert." (Id. (Dec. 29, 2006 report).) A psychiatrist assessed him as "schizophrenic, paranoid type." (Id. (March 15, 2007 report).) A subsequent report notes: "Thought process is illogical, full of cognitive distortions, however . . . [n]o evidence of delusions currently." (Id. (March 22, 2007 report).) Petitioner was "a long term member" of an anger management group and "shares honestly and openly with its members . . . . He is receptive to education and has good rapport with his peers[.]" (Id. (June 5, 2007 report).) Another report states that petitioner's "thought process is distorted, judgment and insight are poor, in large part due to his paranoid personality disorder. . . . [H]is mood is stable. [He] is able to program and engage in his job as a porter." (Id. (June 22, 2007 report).) A later evaluation states that petitioner reported being "depressed and angry" but "was appropriately dressed and well-groomed. . . . He is not taking any psych meds and his present level of anger may be his consistent baseline. He appears to be stable and able to function without medications." (Id. (Oct. 24, 2007 report).)

In sum, the medical records do not show that petitioner suffered from a debilitating mental health impairment which made him incapable of managing his affairs during the statutory limitations period. Therefore, any claim for equitable tolling on this basis should be

1  denied.

2  B.     Actual Innocence

3  Petitioner asserts, both in his petition and in opposition to the motion to dismiss, 4 that he is innocent of the crimes charged. (E.g., Pet. at 4; Opp. at 5-6.)  In the context of the 5 pending motion, the court assumes petitioner to argue that his actual innocence equitably tolls the 6 statutory limitation period.  (See Opp. at 5 ("An exception to the rule barring untimely petitions 7 applies where the petitioner shows error of constitutional magnitude led to a trial that was so 8 fundamentally unfair that absent the error no reasonable judge or jury would have convicted the 9 prisoner myself!").)  Under recent Ninth Circuit precedent, this claim is unavailing.

10  In Lee v. Lampert, — F.3d ----, 2010 WL 2652505 (9th Cir. July 6, 2010), the 11 Ninth Circuit held that there is no "actual innocence" exception to AEDPA's statute of 12 limitations.  Previously, some district courts in this circuit allowed petitioners whose petitions 13 were untimely under AEDPA to have their claims "heard on the merits if [they make] a showing 14 of actual innocence pursuant to Schlup v. Delo[, 513 U.S. 298, 115 S.Ct. 851 (1995)], which 15 allowed such a gateway through limitations on second or third habeas petitions." Id. at *2 (citing 16 House v. Bell, 548 U.S. 518, 537, 126 S.Ct. 2064 (2006)).  The Ninth Circuit explicitly rejected 17 this approach in Lampert, reasoning that "the omission of 'actual innocence' from the 18 enumerated list of exceptions in the statutory text [of section 2244(d)] is significant[,]" and "[i]t 19 is not our place to 'engraft an additional judge-made exception onto congressional language that 20 is clear on its face.'" Id. at *3 (internal citation omitted).  The absence of an "actual innocence" 21 exception to AEDPA's statute of limitations "does not make the writ inadequate or ineffective to 22 test a detention[,]" the Ninth Circuit concluded, as the statute gives a petitioner "ample time to 23 bring his claim." Id. at *6 (internal citation omitted).

24  Thus, even if petitioner had attached evidence supporting his claim of actual 25 innocence, which he did not, no showing of actual innocence would serve to equitably toll the 26 one-year limitations period on AEDPA claims, given the Ninth Circuit's recent decision in

1 Lampert.  Therefore, petitioner's claim for equitable tolling should be denied.

2 Conclusion

3 Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute John Marshall, Warden, California Men's Colony, East, as respondent in the docket of this case.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Doc. 11) be granted and the habeas corpus petition be dismissed with prejudice for petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fouteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 07/27/2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mcgee3184.fr